IN RE:
REQUEST FOR LEGAL ASSISTANCE
FROM THE UNITED KINGDOM IN THE
MATTER OF OPERATION YERBA

Case No.    15-216

## MEMORANDUM OF LAW IN SUPPORT OF APPLICATION FOR ORDER

The United States is seeking an Order appointing a Commissioner to collect evidence

requested by The United Kingdom in the attached (Attachment A) Treaty Request made pursuant

to the Treaty Between the United States of America and the United Kingdom on Mutual Legal

Assistance in Criminal Matters, - UST - (Senate Treaty Document 104 - 2), signed January 6,

1994, (entered into force December 2, 1996) [hereinafter referred to as "the Treaty"].  A treaty

constitutes the law of the land.  U.S. Const. art. VI.  The provisions of a treaty have equal footing

with acts of Congress and are binding on the courts.  Asakura v. City of Seattle, Washington, 265

U.S. 332, 341 (1924); United States v. The Peggy, 5 U.S. 103 (1801).  To the extent that the

provisions of a treaty are inconsistent with a preexisting statutory provision, the treaty supersedes

the statute.  United States v. Erato, 2 F.3d 11, 15-16 (2d Cir. 1993) [hereinafter Erato]; see Breard

v. Greene, 523 U.S. 371, 374 (1998).

A.  The Treaty

The United States and The United Kingdom entered into the Treaty for the purpose of

promoting mutual legal cooperation in criminal matters.  The Treaty obliges each state to provide

assistance to the other in investigations of offenses covered under the Treaty and in court

proceedings related to such offenses.  Article 1.  The assistance interviews and depositions of

witnesses, production of documents and other things, and asset freezes.  Article 1 (2); Barr v.

U.S. Department of Justice, 645 F. Supp. 235, 237 (E.D.N.Y 1986), aff'd, 819 F. 2d 25 (2d Cir. 1987).

The Treaty anticipates that, in order to comply with the United States' treaty obligation, federal district courts will be called upon to execute requests from the United Kingdom. Article 5(2) provides that:

> When execution of the request requires judicial . . . action, the request shall be presented to the appropriate authority . . . .

> Consequently, the Treaty empowers the federal district court to execute these requests.

Article 5(1) provides that:

> The courts of the Requested Party shall have the authority to issue subpoenas, search warrants, or other orders necessary to execute the request.

The Treaty contemplated that federal district courts will use compulsory measures to execute requests from the United Kingdom. Article 8 (1) provides that:

> A person in the territory of the Requested Party from whom evidence is requested pursuant to this Treaty may compelled, if necessary, to appear in order to testify or produce documents, records or articles of evidence by subpoena or such other method as may be permitted under the law of the Requested Party.

## B. Use of the Treaty to Execute Requests for Assistance

The Treaty is self-executing and requires no implementing legislation. See Letter of Submittal of Treaty to the President from the Department of State, January 6, 1995. Even so, it contains little in the way of a procedural framework for executing requests. Instead, it relies on the law of each party to establish procedures for executing requests in that state. Article 5 (1) provides that:

> As empowered by this Treaty of national law, or in accordance with its national practice, the Requested Party shall take whatever steps it deems necessary to give effect to requests received from the Requesting party. The courts of the Requested Party shall have the authority to issue subpoenas, search warrants, or other orders necessary to execute the request.

Consequently, federal district courts routinely utilize the "commission" procedure authorized by 18 U.S.C. § 3512, the statute governing foreign requests for assistance in criminal investigation and prosecutions, to fulfill their judicial responsibility under the Treaty for executing requests from the United Kingdom. Further, the court may issue orders, including orders and search warrants under 18 U.S.C. § 3512(2) as necessary to fulfill the foreign request. Section 3512 provides in pertinent part that:

> In response to an application for execution of a request from a foreign authority . . . a Federal Judge may also issue an order appointing a person to direct the taking of testimony or statements or of the production of documents or other things, or both.

Although a court may commission a foreign authority, See, e.g., In re Letter of Request from the Supreme Court of Hong Kong, 138 F.R.D. 27, 29 (S.D.N.Y. 1991) [hereinafter Hong Kong], a court typically appoints an Assistant United States Attorney as commissioner to execute foreign requests in criminal matters. Application to a federal district court for appointment of a commissioner to execute a foreign request for judicial assistance is handled ex parte. In re Letter of Request from the Crown Prosecution Service of the United Kingdom, 870 F.2d 686, 688 (D.C. Cir. 1989); In re Letters Rogatory from the Tokyo District, Tokyo, Japan, 539 F.2d 1216, 1219 (9th Cir. 1976).

C. The Present Request

The instant Treaty Request has been made by the Secretary of State Home Office, the Central Authority under Article 2 of the Treaty, in connection with investigation of violation of the laws of the United Kingdom, namely, Fraud Contrary to Section 4 of the Fraud Act 2006; Unauthorized Access to Computer Material with Intent to Commit Further Offenses Contrary to Section 2 of the Computer Misuses Act 1990; and Perverting the Course of Justice, Contrary to

Common Law,[1] on behalf of the United Kingdom. On behalf of the United Kingdom, Yorkshire & Humberside Regional Cyber Crime Unit, for assistance in obtaining the following relevant information from APH Inc., d/b/a Codero, 5750 W. 95th Street, Suite 300, Overland Park, KS 66207:

1. Registration, subscriber, and content data from Codero relating to the forumjar website and the account used to upload the "FTSE 100 Payroll details" file to that website on January 12, 2014.

2. For any records produced, the custodian of records will be asked to provide them in a form in accordance with the certification requirements required by the laws of the United Kingdom for admissibility of business records.

Accordingly, to execute this request, the United States asks this Court to issue an Order appointing Assistant United States Attorney Christopher Allman as Commissioner, authorizing him to take the actions necessary to obtain the evidence requested, and to adopt such procedures in receipt of the evidence as are consistent with the intended use thereof in The United Kingdom. A proposed order will be emailed to the chambers of the judge assigned to this case.

---

[1] More specifically, on January 12, 2014, personal data concerning close to 100,000 employees of WM Morrisons's Supermarkets in the UK was uploaded to a number of different websites on the Internet, including to the website www.forumjar.com. The release of this sensitive data posed a significant risk to the employees and reputational and financial damage to Morrison's Supermarkets. The UK authorities have reason to suspect that the information was acquired and the offenses committed by Andrew Skelton, a disgruntled Morrison's employee.

The file that was uploaded to the "forumjar" website was titled "FTSE 100 Payroll details." It was uploaded under the username "Hacker" at 11.10.58 UTC. Investigators have determined that APH Inc. d/b/a Codero ("Codero"), in Overland Park Kansas, hosts and administers the "forumjar" website. The United Kingdom therefore seeks records from Codero relating to the uploading of information July 12, 2014, in order to determine the identity of the person or persons who published the private employee data.

Respectfully submitted,

BARRY R. GRISSOM
United States Attorney

s/ Christopher Allman
CHRISTOPHER ALLMAN
Assistant United States Attorney
KS S. Ct. No. 14225
500 State Avenue, Suite 360
Kansas City, Kansas  66101
PH:  913.551.6730
FX:  913.551.6541
EM: Chris.Allman@usdoj.gov
ELECTRONICALLY FILED
    Attorneys for the United States


## CERTIFICATE OF SERVICE

I certify that on July 2, 2015, the foregoing was electronically filed with the clerk of the

court by using the CM/ECF system which will send a notice of electronic filing to the following:

None.

s/ Christopher Allman
CHRISTOPHER ALLMAN
Assistant United States Attorney